**COUGHLIN DUFFY LLP**
350 Mount Kemble Avenue
P.O. Box 1917
Morristown, NJ 07962
Tel: 973-267-0058
Fax: 973-267-6442
*Attorneys for Plaintiff*
*Travelers Casualty and Surety*
*Company of America*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,

Plaintiff,

v.

DILIP PATEL & COMPANY, LLP, DILIP PATEL, SAMIR PATEL, JAYESH PATEL, ANNOJ PATEL, RACHIT DRUGS, INC., THE BOTTLE DEPOT, LLC, BLOOMFIELD QUALITY AUTO, SHYAM, INC., QAC SYSTEM, INC., QUALITY MUFFLERPLUS, INC., QAC AUTO, INC., QUALITY AUTO CENTER, UNION BRAKES PLUS, ASHFORD HOSPITALITY, LLC, BERKSHIRE HOSPITALITY, LLC, BRISTOL HOSPITALITY, LLC, CAMBRIDGE HOSPITALITY, LLC, CHASE HOSPITALITY, LLC, CHASE HOTEL GROUP, LLC, DORSET HOSPITALITY, LLC, HAMPSHIRE HOSPITALITY, LLC, L.M. NATCO, INC., MIA EAST LLC OF NEW JERSEY, NATCO CONSTRUCTION, LLC, NEWPORT HOSPITALITY, LLC, NORTHWOOD HOSPITALITY, LLC, OAKFIELD HOSPITALITY, LLC, OXFORD HOSPITALITY, LLC, WILSHIRE HOSPITALITY, LLC, WINDSOR HOSPITALITY, LLC, YORKSHIRE HOSPITALITY, LLC, and JOHN DOES 1-10.,

Defendants.

Civil Action No.: 2:19-cv-19777

CIVIL ACTION

**AMENDED COMPLAINT FOR RESCISSION AND DECLARATORY JUDGMENT**

***Document Filed Electronically***



1794609

Plaintiff, Travelers Casualty and Surety Company of America ("Travelers"), by way of Complaint for Rescission and Declaratory Judgment against Defendants, Dilip Patel & Company, LLP (the "Firm"), Dilip Patel ("Dilip"), Samir Patel ("Samir"), Jayesh Patel ("Jayesh"), Annoj Patel ("Annoj"), and John Does 1-10 (collectively, "Defendants"), as well as the interested-party defendants (collectively, "Interested Parties") discussed below, alleges as follows:

## NATURE OF THE ACTION

1. This is an action for (1) rescission of an accountants professional liability insurance policy (the "Policy") that Travelers issued to the Firm and (2) declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

2. Specifically, Travelers seeks to rescind the Policy on the basis of material misrepresentations made by the Firm in its written application for the Policy that Travelers relied upon in underwriting the risk.

3. In the Firm's application for insurance submitted to Travelers, the Firm failed to answer the following questions accurately:

> 14. Has any member of the firm ever:
>
> a. had their license suspended, revoked, or been subject to any investigation or disciplinary action by any entity providing regulatory or professional oversight? [or]
> b. been indicted or convicted of a felony or paid any criminal or civil penalty or fine, including a tax preparer's fine, in connection with any professional service or business activity?
>
> 16. Does any person seeking coverage under this proposed policy have knowledge of any incident, act, error, or omission involving professional services that could reasonably be expected to be the basis of a claim?

> 18. Has any person or entity seeking coverage under this proposed policy ever had their professional liability insurance non-renewed or cancelled? (Missouri applicants: do not respond)

4. The Firm responded to each of the above questions “No”, which was not accurate.

5. Had the Firm answered those questions accurately, Travelers would not have issued the Policy.

6. Accordingly, Travelers brings the instant action seeking a judicial declaration that the Travelers Policy is and should be rescinded and declared void *ab initio* based upon the Firm’s material misrepresentation(s) in its application and for related declaratory relief that Travelers has no obligation to defend or indemnify the Defendants for the claim pending against them.

## THE PARTIES

### Plaintiff

7. Travelers is an insurance company incorporated under the laws of the State of Connecticut and has its principal place of business in Hartford, Connecticut. Travelers, therefore, is a citizen of Connecticut.

### Defendants

8. The Firm is a limited liability partnership organized under the laws of the State of New Jersey with its principal place of business in New Jersey.

9. Dilip is an individual residing in the State of New Jersey.

10. Samir is an individual residing in the State of New Jersey.

11. Jayesh is an individual residing in the State of New Jersey.

12. Annoj is an individual residing in the State of New Jersey.

13. John Does 1-10 are additional employees or members of the Firm residing in the State of New Jersey.

**Interested Parties**

14. Defendant/Interested Party Rachit Drugs, Inc. is, upon information and belief, organized under the laws of the State of New Jersey, with an address at 121 Woodman Lane, Basking Ridge, NJ 07920, attention: Rajendra Patel. It is named in this case as a defendant solely to bind it to any declaratory judgment entered in Travelers' favor, as it has been identified during the course of discovery in this action with the above address and, upon information and belief, may be a claimant under the Travelers' policy at issue. A letter requesting that Rachit Drugs, Inc. consent to be bound by the Court's decision in this action was sent by Travelers to Rachit Drugs, Inc.; however, Rachit Drugs, Inc. has not consented to be bound.

15. Defendant/Interested Party The Bottle Depot, LLC is, upon information and belief, organized under the laws of the State of New Jersey, with an address at 1001 Valley Road, Sterling, NJ 07980, attention: Yogesh Patel. It is named in this case as a defendant solely to bind it to any declaratory judgment entered in Travelers' favor, as it has been identified during the course of discovery in this action with the above address and, upon information and belief, may be a claimant under the Travelers' policy at issue. A letter requesting that The Bottle Depot, LLC consent to be bound by the Court's decision in this action was sent by Travelers to The Bottle Depot, LLC; however, The Bottle Depot, LLC has not consented to be bound.

16. Defendants/Interested Parties Bloomfield Quality Auto, Shyam, Inc., Qac System, Inc., Quality Mufflerplus, Inc. and Qac Auto, Inc. (collectively, the "Mahesh Shah Entities") are, upon information and belief, organized under the laws of the State of New Jersey, with an address at 552 Westfield Avenue, Roselle Park, NJ 07076, attention: Mahesh Shah. They are named in this case as defendants solely to bind them to any declaratory judgment entered in Travelers' favor, as they have been identified during the course of discovery in this action with the above address and,

upon information and belief, may be claimants under the Travelers' policy at issue. A letter requesting that the Mahesh Shah Entities consent to be bound by the Court's decision in this action was sent by Travelers to the Mahesh Shah Entities; however, the Mahesh Shah Entities have not consented to be bound.

17. Defendant/Interested Party Quality Auto Center is, upon information and belief, organized under the laws of the State of New Jersey, with an address at 254 Valley Street, South Orange, NJ 07079, attention: Kamlesh Shah. It is named in this case as a defendant solely to bind it to any declaratory judgment entered in Travelers' favor, as it has been identified during the course of discovery in this action with the above address and, upon information and belief, may be a claimant under the Travelers' policy at issue. A letter requesting that Quality Auto Center consent to be bound by the Court's decision in this action was sent by Travelers to Quality Auto Center; however, Quality Auto Center has not consented to be bound.

18. Defendant/Interested Party Union Brakes Plus is, upon information and belief, organized under the laws of the State of New Jersey, with an address at 2612 Morris Avenue, Union, NJ 07083, attention: Kamlesh Shah. It is named in this case as a defendant solely to bind it to any declaratory judgment entered in Travelers' favor, as it has been identified during the course of discovery in this action with the above address with the above address and, upon information and belief, may be a claimant under the Travelers' policy at issue. A letter requesting that Union Brakes Plus consent to be bound by the Court's decision in this action was sent by Travelers to Union Brakes Plus; however, Union Brakes Plus has not consented to be bound.

19. Defendants/Interested Parties Ashford Hospitality, LLC, Bristol Hospitality, LLC, Chase Hospitality, LLC, Chase Hotel Group, LLC, Dorset Hospitality, LLC, Hampshire Hospitality, LLC, L.M. NATCO, Inc., NATCO Construction, LLC, Newport Hospitality, LLC,

Northwood Hospitality, LLC, Oakfield Hospitality, LLC, Oxford Hospitality, LLC, Wilshire Hospitality, LLC, Windsor Hospitality, LLC, and Yorkshire Hospitality, LLC are, upon information and belief, organized under the laws of the Commonwealth of Pennsylvania, with an address at 7820 Perry Hwy, Erie, PA 16509, attention: Paresh Patel. These entities, all part of the Chase Hotel Group, are named in this case as defendants solely to bind them to any declaratory judgment entered in Travelers' favor, as they been identified during the course of discovery in this action with the above address and, upon information and belief, may be claimants under the Travelers' policy at issue. A letter requesting that the Chase Hotel Group consent to be bound by the Court's decision in this action was sent by Travelers to the Chase Hotel Group; however, the Chase Hotel Group, through their counsel, has refused to be bound.

20. Defendant/Interested Party Berkshire Hospitality, LLC is, upon information and belief, organized under the laws of the State of New York, with an address at 4356 Commerce Drive, Batavia, NY 14020, attention: Paresh Patel. This entity, part of the Chase Hotel Group, is named in this case as a defendant solely to bind it to any declaratory judgment entered in Travelers' favor, as it has been identified during the course of discovery in this action with the above address and, upon information and belief, may be a claimant under the Travelers' policy at issue. A letter requesting that the Chase Hotel Group consent to be bound by the Court's decision in this action was sent by Travelers to the Chase Hotel Group; however, the Chase Hotel Group, through their counsel, has refused to be bound.

21. Defendant/Interested Party Cambridge Hospitality, LLC is, upon information and belief, organized under the laws of the State of New York, with an address at 3615 Commerce Place, Hamburg, NY 14075, attention: Paresh Patel. This entity, part of the Chase Hotel Group, is named in this case as a defendant solely to bind it to any declaratory judgment entered in Travelers'

favor, as it has been identified during the course of discovery in this action with the above address and, upon information and belief, may be a claimant under the Travelers' policy at issue. A letter requesting that the Chase Hotel Group consent to be bound by the Court's decision in this action was sent by Travelers to the Chase Hotel Group; however, the Chase Hotel Group, through their counsel, has refused to be bound.

22. Defendant/Interested Party MIA East LLC of New Jersey is, upon information and belief, organized under the laws of the State of New Jersey, with an address at 875 New Durham Road, Edison, NJ 08817, attention: Paresh Patel. This entity, part of the Chase Hotel Group, is named in this case as a defendant solely to bind it to any declaratory judgment entered in Travelers' favor, as it has been identified during the course of discovery in this action with the above address and, upon information and belief, may be a claimant under the Travelers' policy at issue. A letter requesting that the Chase Hotel Group consent to be bound by the Court's decision in this action was sent by Travelers to the Chase Hotel Group; however, the Chase Hotel Group, through their counsel, has refused to be bound.

## JURISDICTION AND VENUE

23. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 2201-02 because: (i) there is an actual controversy between the parties; (ii) the amount in controversy exceeds $75,000, exclusive of interests and costs; and (iii) the matter is between citizens of different states.

24. Venue is proper under 28 U.S.C. § 1391 because Defendants reside in this District and a substantial part of the events giving rise to this dispute occurred in this District.

## THE APPLICATION FOR PROFESSIONAL LIABILITY INSURANCE

25. The Firm submitted to Travelers a Travelers 1st Choice+ Accountants Professional Liability Coverage New Business Application (the "Application"), dated March 4, 2019, that bears the signature of Samir, a partner of the Firm.

26. In the Application, the Firm answered "No" to the following question:

> 14. Has any member of the firm ever:
>
> a. had their license suspended, revoked, or been subject to any investigation or disciplinary action by any entity providing regulatory or professional oversight?
>
> b. been indicted or convicted of a felony or paid any criminal or civil penalty or fine, including a tax preparer's fine, in connection with any professional service or business activity?
>
> *If yes to a. or b., provide full details in the Additional Information section at the end of this application.*

27. In the Application, the Firm answered "No" to the following question:

> 16. Does any person seeking coverage under this proposed policy have knowledge of any incident, act, error, or omission involving professional services that could reasonably be expected to be the basis of a claim?
>
> *If yes, complete the Claim, Suit, or Incident Supplement for each claim or incident.*

28. In the Application, the Firm answered "No" to the following question:

> 18. Has any person or entity seeking coverage under this proposed policy ever had their professional liability insurance non-renewed or cancelled? (Missouri applicants: do not respond)
>
> *If yes, provide details in the Additional Information section at the end of this application.*

29. Immediately above Samir's signature, the Application states, in relevant part, as follows:

> The undersigned Authorized Representative represents that to the best of his or her knowledge and belief, and after reasonable inquiry, the statements provided in response to this Application are true and complete and may be relied upon by Travelers as the basis for

> providing insurance. The Applicant will notify Travelers of any material changes to the information provided.

## THE TRAVELERS POLICY

30. In reliance on the representations contained in the Application, Travelers issued the Policy, which is a claims-made Travelers 1st Choice+ Accountants Professional Liability Policy, No. 107057755, to the Firm for the policy period March 25, 2019 to March 25, 2020. A true and correct copy of the Policy is attached hereto as Exhibit A.

31. The Policy's Insuring Agreement provides as follows:

> The Company will pay on behalf of the **Insured**, **Damages** and **Defense Expenses** for any **Claim** first made during the **Policy Period** that is caused by a **Wrongful Act** committed on or after any applicable Retroactive Date set forth in ITEM 5 of the Declarations, provided that no **Principal Insured** on the Knowledge Date set forth in ITEM 5 of the Declarations had any basis to believe such **Wrongful Act** might reasonably be expected to be the basis of a **Claim**.

32. The Policy defines "**Claim**" to include "a written request to toll or waive a statute of limitations relating to a potential civil or administrative proceeding, against any **Insured** for a **Wrongful Act**."

33. The Policy defines "**Professional Services**" to mean,

> only services in the practice of accounting, and pro-bono services in the practice of accounting, provided that such pro-bono services are performed with the knowledge and consent of the **Named Insured**.
>
> ***Professional Services*** includes services in any of the following capacities:
>
> 1. Accountant or accounting consultant.
> 2. **Investment Adviser**.
> 3. Bookkeeper, enrolled agent or tax preparer.
> 4. **Personal Fiduciary**.
> 5. Notary public, provided that the **Insured Person** witnessed and attested to the authenticity of the signature notarized by such **Insured Person**.

6. Member of a formal accreditation, standards review or similar professional board or committee related only to the accounting profession.
7. Arbitrator or mediator.

34. The Policy defines "**Wrongful Act**" to mean, in relevant part, "any actual or alleged act, error, omission, or **Personal Injury Offense** in the rendering of, or failure to render, **Professional Services**."

35. The Policy includes that following two exclusions:

> **F. Criminal, Dishonest, Fraudulent Or Malicious Conduct**
>
> This policy does not apply to any **Claim** based upon or arising out of any:
>
> 1. criminal, dishonest, fraudulent or malicious conduct; or
>
> 2. other willful violation of laws,
>
> committed by the **Insured** or by anyone with the consent or knowledge of the **Insured**, provided that this exclusion does not apply to any **Insured Person** who did not participate in or have knowledge of such conduct or violation.
>
> ***
>
> **J. Handling Of Funds**
>
> This policy does not apply to any **Claim** based upon or arising out of any **Insured's** conversion, commingling, defalcation, misappropriation, or other intentional misuse or illegal use of funds, money, or property.

## THE MISREPRESENTATIONS IN THE APPLICATION

*Misrepresentations Regarding Question 14*

36. In the Application, the Firm stated that no member of the Firm had ever had their accounting license suspended.

37. In the Application, the Firm stated that no member of the Firm had ever been convicted of a felony.

38. In the Application, the Firm stated that no member of the Firm had ever paid any criminal fine in connection with any professional service or business activity.

39. On or about September 29, 2010, the United States Attorney for the District of New Jersey filed an Information with the United States District Court for the District of New Jersey, Criminal No. 10-651, charging Dilip with violations of Title 18, U.S. Code Section 1001 and Title 18, U.S. Code Section 2 based upon Dilip "knowingly and willfully" aiding and abetting and counseling a client to make materially "false, fictitious and fraudulent statements and representations" to the Internal Revenue Service and/or the Social Security Administration. We have attached hereto the Information as Exhibit B.

40. A violation of Title 18, U.S. Code Section 1001 is a felony.

41. On that same day, September 29, 2010, Dilip entered into a Plea Agreement with the U.S. Attorney's office and filed an Application for Permission to Enter Plea of Guilty to the charge in the Information, in which he admitted to the conduct alleged in the Information. That application is attached hereto as Exhibit C.

42. On September 20, 2011, the United States District Court for the District of New Jersey adjudicated Dilip guilty of the charge in the Information and sentenced him to 2 years probation and to pay a $25,000 fine. That judgment is attached hereto as Exhibit D.

43. On or about March 27, 2012, as a result of Dilip's guilty plea, the New Jersey State Board of Accountancy suspended Dilip's license to practice public accountancy in the State of New Jersey for a period of 2 years. The New Jersey State Board of Accountancy order regarding the suspension is attached hereto as Exhibit E.

44. The New Jersey State Board of Accountancy also reprimanded Dilip for having been convicted of, or engaged in acts constituting, a crime or offense involving moral turpitude or relating adversely to the activity regulated by the board.

45. Dilip was a member of the Firm at the time of the Application.

46. Dilip had his license suspended as of March 27, 2012 but the Firm did not disclose that fact to Travelers on the Application.

47. Dilip was convicted of a felony on September 20, 2011 but the Firm did not disclose that fact to Travelers on the Application.

48. Dilip paid a criminal fine in connection with his professional service or business activity but the Firm did not disclose that fact to Travelers on the Application.

*Misrepresentations Regarding Question 16*

49. In the Application, the Firm stated that no person seeking coverage under this proposed policy had knowledge of any incident, act, error, or omission involving professional services that could reasonably be expected to be the basis of a claim.

50. Annoj was a person for whom the Firm sought coverage by way of the Application.

51. On or about August 29, 2019, Travelers received Notice of a Potential Claim on behalf of the Firm.

52. The Firm's August 29 , 2019 Notice of Potential Claim stated that, in July 2019, the Firm had been notified by a client, Devi-Harley Autoland Investments Inc. Quality Auto Center ("Quality Auto Center") of a potential misappropriation of funds. Specifically, Quality Auto Center had been alerted by TIAA Bank, where Annoj Patel had a personal account, that a U.S. Treasury refund check payable to Quality Auto Center, had been deposited in Annoj Patel's personal account.

53. On information and belief, Annoj's misappropriations of client funds began as early as 2012.

54. Annoj misappropriated approximately $700,000 in client funds during the course of his employment with the Firm.

55. On information and belief, Annoj was aware, prior to March 25, 2019, that his misappropriations of client funds could give rise to a claim but the Firm did not disclose that fact to Travelers in the Application.

56. Annoj's misappropriation of client funds involved incidents, acts, errors, or omissions involving professional services that could reasonably be expected to be the basis of a claim.

*Misrepresentations Regarding Question 18*

57. In the Application, the Firm stated that it had never had its professional liability insurance policies non-renewed.

58. In 2010, the Firm had in place a professional liability policy, number APL-128518292, issued by Continental Casualty Company (the "CCC Policy").

59. On or about December 7, 2010, Dilip signed an insurance application seeking renewal of the CCC Policy.

60. In that application, the Firm disclosed to Continental Casualty Company that Dilip had pleaded guilty to "making a false statement in a federal court matter relating to one of his clients."

61. In February 2011, Continental Casualty Company provide the Firm with a Notice of Non-renewal based upon material misrepresentations in its insurance application and based upon the guilty plea for making a false statement in court regarding a client.

62. The Firm failed to disclose Continental Casualty Company's non-renewal of the Firm's professional liability policy to Travelers in the Application.

## THE PENDING CLAIM

63. On September 30, 2019, the Firm notified Travelers of its receipt of a request from various entities that collectively referred to themselves as the "Chase Hotel Group Companies" to toll any applicable statute of limitations governing any claims between the Firm and those entities. The Chase Hotel Group provided a draft Tolling Agreement for the Firm's consideration.

64. The draft Tolling Agreement referred to allegations by the Chase Hotel Group against the Firm for 1) failure to fulfill their fiduciary duties of good faith, loyalty, and duty to inform; (2) breach of contract; (3) negligence; (4) failure to prepare and/or file various income tax returns, personal property returns, employer's tax returns, employer's unemployment tax returns, occupancy tax returns, and sales tax returns; (5) theft and/or conversion; and/or (6) faulty preparation and/or filing of such documents.

65. On October 30, 2019, Travelers agreed to defend the Firm against the allegations referenced in the draft Tolling Agreement subject to a full and complete reservation of rights, including but not limited to, the right to disclaim any obligation to defend or indemnify the Firm on the basis that,

- the Policy is deemed rescinded and void *ab initio*;
- the allegations in the draft Tolling Agreement may not constitute **Professional Services** as that term is defined in the Policy;
- coverage may be excluded based upon the **Criminal, Dishonest, Fraudulent Or Malicious Conduct Exclusion**; and
- coverage may be excluded based upon the **Handling of Funds Exclusion**.

**FIRST CAUSE OF ACTION**
**(RESCISSION)**

66. Travelers repeats and realleges each and every of the allegations in paragraphs 1 through 40 as if set forth at length herein.

67. In September 2010, Dilip was charged with a felony for "knowingly and willfully" aiding and abetting and counseling a client to make materially "false, fictitious and fraudulent statements and representations" to the Internal Revenue Service and/or the Social Security Administration.

68. In September 2011, Dilip was adjudicated guilty of the felony he was charged with and required to pay a criminal fine of $25,000.

69. In March 2012, Dilip's accounting license was suspended for 2 years.

70. When Travelers asked in March 2019 in the Application whether any member of the Firm had been ever been indicted or convicted of a felony or paid any criminal fine in connection with any professional service or business activity, the Firm did not disclose these facts and answered the question "No".

71. When Travelers asked in March 2019 in the Application whether any member of the Firm had ever had their license suspended, revoked, or been subject to any investigation or disciplinary action by any entity providing regulatory or professional oversight, the Firm did not disclose these facts and answered the question "No".

72. Upon information and belief, at the time the Firm completed the Application, a Firm partner or employee had knowledge of Annoj's misappropriation of client funds.

73. Annoj's misappropriation of client funds involved incidents, acts, errors, or omissions involving professional services that could reasonably be expected to be the basis of a claim under the Policy.

74. When Travelers asked in March 2019 in the Application whether any person seeking coverage under this proposed policy had knowledge of any incident, act, error, or omission involving professional services that could reasonably be expected to be the basis of a claim, the Firm did not disclose these facts and answered the question "No".

75. In February 2011, the Firm's professional liability policy was non-renewed by Continental Casualty Company.

76. When Travelers asked in March 2019 in the Application whether any person or entity seeking coverage under this proposed policy ever had their professional liability insurance non-renewed, the Firm did not disclose these facts and answered the question "No".

77. The misrepresentations, omissions, concealment of facts, or incorrect statements included in the Application materially affected Travelers' acceptance of risk and/or the hazard that Travelers assumed. Travelers would not have issued the Policy had it been made aware of the true facts.

78. In issuing the Travelers Policy to the Firm, Travelers relied upon the Firm's representations in the Application.

79. Travelers has tendered to the Firm all amounts paid as premium for the Policy

80. As a result of the material misrepresentations, omissions, concealment of facts, or incorrect statements in connection with the Application, the Court should rescind the Policy and declare that there is no coverage for any **Claim** made against the Firm, or any other **Insured** under the Policy, including, without limitation, the Chase Hotel Group's Claim.

**WHEREFORE**, Travelers respectfully requests that the Court enter judgment in its favor and against Defendants as follows:

a. Declaring the Policy void *ab initio*;

b. Rescinding the Travelers Policy;

c. Declaring that Travelers has no duty to defend or indemnify the Firm or any other **Insured** against any **Claim**, including any **Claim(s)** of the Interested Parties**;** and

d. Such other relief as the Court deems just and proper.

Dated: June 30, 2020

**COUGHLIN DUFFY LLP**

/s/ Adam M. Smith
Adam M. Smith, Esq.
Patrick A. Florentino, Esq.
350 Mount Kemble Avenue
P.O. Box 1917
Morristown, New Jersey 07962-1917
Tel: (973) 267-0058
Fax: (973) 267-6442
E-mail: asmith@coughlinduffy.com
E-mail: pflorentino@coughlinduffy.com
*Attorneys for Plaintiff*
*Travelers Casualty and Surety Company of America*